UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-1857 JVS (JDEx)    Date  11/26/19

Title  Jesus Munoz v. Mercedes-Benz USA, LLC

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl/Rolls Royce Paschal | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS]** Minute Order Regarding Motion for Remand

Plaintiff Jesus Munoz ("Munoz") moves to remand this action to State court. Mot., ECF No. 10.[1] Defendant Mercedes-Benz USA, LLC ("MBUSA") opposes the Motion. Opp'n., ECF No. 11. Munoz replied. Reply, ECF No. 13.

For the following reasons, the Court **GRANTS** the Motion and remands the action to the Superior Court of the State of California, County of Orange. The Court further finds that oral argument would not be helpful on this matter and vacates the December 2, 2019 hearing. Fed. R. Civ. P. 78; L.R. 7-15.

## I. BACKGROUND

On August 19, 2019, Munoz brought suit against MBUSA in the Superior Court of the State of California, County of Orange (Case No. 30-2019-01091300-CU-BC-CJC), alleging two violations of the Song-Beverly Consumer Warranty Act ("Song-Beverly"). Compl., ECF No. 1, Ex. A. MBUSA removed this action to this Court on September 28, 2019 on the basis of diversity jurisdiction. Not. Removal, ECF No. 1. Munoz resides in

---

[1] The Court notes that Munoz violated Local Rule 7-3 which requires the parties to "meet and confer" in advance of filing such a motion "to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." The conference must occur at least seven (7) days prior to the filing of the motion. Id. In the notice of the motion, the moving party must include a statement to the effect: "This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on [date]." Although the Court has decided to hear this motion, it notes that any future violations of Local Rule 7-3 will be strictly enforced.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 19-1857 JVS (JDEx)                         Date   11/26/19

Title   Jesus Munoz v. Mercedes-Benz USA, LLC

California. Compl., ¶ 1. MBUSA is a limited liability company organized in Delaware with its principal place of business in the Georgia. Derrick Y. Chu Decl. ("Chu Decl. No. 1") at ¶ 4, ECF No. 11. MBUSA is not organized in California. <u>Id.</u> MBUSA's sole member is Daimler North America Corporation which is organized in Delaware with its place of business in Michigan. <u>Id.</u>

The Complaint alleges that on or about December 14, 2014, Munoz leased a new 2015 Mercedes-Benz C300 vehicle manufactured and/or distributed by MBUSA for approximately $45,000 (the "Vehicle"). Compl. ¶¶ 5-7. Munoz received express and implied warranties from MBUSA in connection with the lease. <u>Id.</u> at ¶ 8. Munoz has submitted the Vehicle for defects and malfunctions such as an inoperable panoramic sunroof, navigation screen freezing, inoperable door handles, air conditioning, recall battery charger and the sunshade screen binding. <u>Id.</u> at ¶ 11. Munoz seeks replacement or restitution, incidental damages, consequential damages, civil penalty as provided in Song-Beverly, attorney's fees, costs and expenses, the difference in value of the vehicle as accepted and the vehicle had it been as warranted, remedies provided in Chapters 6 and 7 of Division 2 of the Commercial Code, and pre-judgment interest. <u>Id.</u> at 9.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court if the parties may have originally filed the case in federal court. <u>City of Chicago v. Int'l Coll. of Surgeons</u>, 522 U.S. 156, 163, (1997). Where removal is based on diversity, (1) the citizenship of the plaintiff must differ from the citizenship of all defendants and (2) the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). District courts have diversity jurisdiction over "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). District courts, however "shall not have original jurisdiction under [section 1332(a)(2)] of an action between citizens of a State and citizens or subjects of a foreign state <u>who are lawfully admitted for permanent residence in the United States and are domiciled in the same State</u>." <u>Id.</u> (emphasis added).

The Ninth Circuit has directed courts to "strictly construe the removal statute against removal jurisdiction," so that any doubt as to the right of removal is resolved in

JS-6
Remand

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 19-1857 JVS (JDEx)                                Date    11/26/19

Title    Jesus Munoz v. Mercedes-Benz USA, LLC

favor of remanding the case to state court." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Thus, the removing party bears the burden to demonstrate that removal was proper. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988).

### III. DISCUSSION

Munoz first argues that removal was not timely because it was filed 31 days after service of the Complaint and thus was one day late. Mot. 2; David N. Barry Decl. ¶ 4, ECF No. 10-1. MBUSA argues that removal was timely filed because MBUSA could not ascertain whether the action was removable on the face of the Complaint since it did not "sufficiently plead [Munoz'] state of domicile and citizenship." Opp'n., 3; Chu Decl. No. 1 ¶ 2, Ex. A. MBUSA claims it relied on the "deal jacket" pertaining to the Vehicle (which was not received until September 16, 2019) to determine "to a reasonable degree" that Munoz is domiciled in California. Opp'n. 3; Chu Decl. No. 1 ¶ 3, Ex. B. However, the Court notes that the Notice of Removal states: "Plaintiff, at the time this action was commenced, was and still is a citizen of the State of California, as established by the Complaint." Not. Rem. ¶ 11 (citing to Not. Rem., Derrick Y. Chu Decl. No. 2 ("Chu Decl. No. 2"), Ex. C Decl. ¶3; Exh. A, Complaint at ¶1.).

"[R]emovability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry. Thus, the first thirty-day requirement is triggered by defendant's receipt of an "initial pleading" that reveals a basis for removal. If no ground for removal is evident in that pleading, the case is 'not removable' at that stage. In such case, the notice of removal may be filed within thirty days after the defendant receives 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005) (citing 28 U.S.C. § 1446(b)). Although MBUSA claims in its papers that it was not aware that removal was proper until it received the "deal jacket," this argument seems disingenuous at best given that the Notice of Removal establishes diversity jurisdiction on the basis of the Complaint and not the "deal jacket." See Not. Rem. ¶ 11. In fact, the "deal jacket" was not included or mentioned in the Notice of Removal. Accordingly, the Court finds that removal was not timely here.

**JS-6**
**Remand**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-1857 JVS (JDEx) | Date | 11/26/19 |
|---|---|---|---|
| Title | Jesus Munoz v. Mercedes-Benz USA, LLC | | |

Having found that removal was not timely here, the Court does not address whether there is complete diversity or the necessary amount in controversy.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion and remands the action to the Superior Court of the State of California, County of Orange. The Court further finds that oral argument would not be helpful on this matter and vacates the December 2, 2019 hearing. Fed. R. Civ. P. 78; L.R. 7-15.

**IT IS SO ORDERED.**

                                                                : 0

Initials of Preparer      lmb/rrp